32 C.C.P.A.(Patents)

## Application of HALL et al.
### Patent Appeal No. 4926.

Court of Customs and Patent Appeals.

Feb. 7, 1945.

Louis A. Jones, of Boston, Mass. (Emery, Booth, Townsend, Miller & Weidner, of Boston, Mass., of counsel), for appellants.

W. W. Cochran, of Washington, D. C. (R. F. Whitehead, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

O'CONNELL, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office affirming the examiner's action in rejecting claims 14 and 17 in appellants' application for a patent relating to improvements in rotary buffing tools, claims 1 to 7, 12, 13, 15, and 16 having been allowed.

The appealed claims read as follows:

"14. As a new article of manufacture an abrading element for a rotary abrading tool, the same consisting of a strip of cloth wound spirally about and continually receding from a center and forming a laminated ring having slots extending radially through the laminations."

"17. As a new article of manufacture an abrading element for a rotary abrading tool, the same consisting of a strip of cloth wound spirally about and continually receding from a center and forming a laminated ring having slots extending radially through the laminations, said laminations being secured together by at least one row of stitching extending through the several thicknesses and disposed lengthwise of said strip."

In arriving at its decision herein, the Board of Appeals had before it for consideration appellants' claims 14, 15, 16, and 17, all of which had been rejected by the examiner in view of the prior art disclosed by the patent to Levett, No. 1,404,620, issued January 24, 1922.

The single paragraph containing the decision of the examiner reads as follows:

"It is believed that the appealed claims are so broadly drawn as to read on the reference. The [Levett] patent discloses a buffing wheel made up of a strip of cloth wound spirally about and continually receding from the center of the wheel as the layers pile up on each other forming a laminated ring having slots extending radially through the laminations which is what these [appellants'] claims call for. The slots in the fabric as set forth in the claims do not distinguish from the slots in the reference, particularly in view of the fact that no combination is called for by the claims which would make the exact location of the slots critical."

The Board of Appeals in disposing of the issue presented referred to the action of the examiner, and stated its conclusion and the reasons therefor as follows:

"The examiner has rejected the claims on the ground that they do not patentably distinguish from the buffing discs shown by Levett and, apparently, also on the ground that since the claims define only the fabric element without a hub member, no attention need be given to the direction of the [s]lots as defined in the claims.

"On consideration of the terms of the four claims, it is our conclusion that claims 14 and 17 fail to define by any terms distinction over Levett. Claims 15 and 16 are considered limited to a position of slot not anticipated by Levett and believed to be material and important in defining the subcombination even without positive inclusion of the hub member. The subcombination appears to be a proper and self-sufficient subject of invention.

"The decision of the examiner is affirmed with respect to claims 14 and 17, but is reversed with respect to claims 15 and 16."

The obvious error of the examiner in rejecting all four of appellants' claims, and of the Board of Appeals in rejecting claims 14 and 17, is to be found in their respective failure to observe the distinction in the claims from the disclosure in Levett.

Their common error is disclosed in the statement in the examiner's decision, supra, "as the layers pile up on each other forming a laminated ring having slots extending radially through the laminations."

In the application upon which the claims are based, the slots are cut after the ring is wound and then button-hole stitched, which produces permanent slots "extending radially through the laminations."

Furthermore, the patent to Levett does not disclose or suggest a laminated ring having slots extending radially through the laminations.

Appellants' application discloses rotary abrading tools of the class which employs a ring of abrading material about and secured to a hub.

The appealed claims relate to the ring.

This ring, according to the specification, is formed of a bias-cut strip of cloth being wound spirally on and about a drum to the required thickness, after which the laminated cloth ring is removed axially.

After winding, the convolutions of cloth are secured together by two rows of stitching extending through the several thicknesses and disposed lengthwise of the strip.

The cylindrical laminated ring thus formed is interlocked or buttoned about and secured to the hub, the hub being provided with a circumferential series of generally radial T-shaped lugs, each of which consists of a neck and a circumferentially elongated head having two oppositely extending projections.

To enable the ring to be securely interlocked or buttoned onto the hub, appellants' application provides for a series of slots, the edges of which, to increase their durability, are "button-hole" stitched.

These slots, which are designed to receive the racks of the T-shaped lugs, are sufficiently long to admit passage of the lugs therethrough, when the slots are registered with the heads, by passing first one and then the other of the projections through the slot. When this movement is accomplished, the slot is turned out of registration with the heads so as to occupy a position oblique thereto, thus securely interlocking the ring and the hub.

As disclosed in its specification, the Levett invention relates to buffing or polishing wheels made of cotton or wool fabrics, leather, or other materials. The body of the buffing or polishing wheel is formed of a continuous bias-cut strip of cloth or other suitable material, and this strip is provided along its median portion with spaced openings, preferably of lozenge shape.

The strip is doubled up widthwise at the openings or cut-out portions to provide a median line or edge and members, the outer edges of which form the peripheral face of the wheel. The median line or edge is gathered and wound around a core or disk, and a string or cord is laid in the doubled-up portion at the median line or edge.

In the Levett patent, by having the openings or cut-out portions, the act of gathering the doubled-up continuous strip does not unduly increase the thickness of the body or cause puckering at the hub, and the openings or cut-out portions serve no other purpose. By the arrangement described the continuous strip is held in doubled-up and gathered position around the core in a number of superimposed layers by the string or cord, and the core is held between two disks connected with each other by rivets, bolts, stitches, or other suitable means.

For special purposes the continuous strip in the Levett patent is reinforced by the use of fibers, bristles, fine wires, or other filaments arranged one alongside the other on one or both faces of the strip, and the filaments are fastened into position by suitable means such, for instance, as rows of stitches, or glue, or cement at the median line. On doubling the strip the filaments are likewise doubled and the outer edges of the filaments, together with the outer edges of the members, form the peripheral face of the wheel.

The drawings in the Levett application show that these filaments overlie and cover the openings, thus closing them. The strip, with its openings thus closed, is wound around a core or disk and, as mentioned above, is doubled and gathered by a string along the median line.

The Board of Appeals, in passing on claims 14 and 17, rejected them on the

690

ground that they fail to define, by any terms, distinction over Levett.

It will be observed from the facts hereinbefore stated that the idea or suggestion of interlocking or "buttoning" a cloth ring onto projections about the perimeter of a hub is wholly lacking in the Levett patent. When the strip is wound in the Levett patent, as appellants point out, the previously-formed openings are not matched up, nor do they coincide as they must do to provide radial openings entirely through the ring.

It appears from the Levett patent that when the bias-cut strip of cloth or other suitable material is doubled width-wise, as hereinbefore stated, the so-called "lozenge-shaped slots" do not appear as such in the patentee's finished article. On the contrary, they apparently are not slots, but, as stated by the patentee, are notches. Be that as it may, the patentee does not disclose or suggest a structure comprising a laminated ring "having slots extending radially through the laminations," as called for by the appealed claims, and we think it is evident from his disclosure that he did not contemplate any such structure.

Claims 14 and 17, respectively, contain the limitation, "a laminated ring having slots extending radially through the laminations," and claim 17 contains the additional limitation, "said laminations being secured together by at least one row of stitching extending through the several thicknesses and disposed lengthwise of said strip."

The convolutions of applicants' strip, after being wound to form a ring and before the "button-holes" are formed, are secured together by two rows of stitching extending through the several thicknesses. When subsequently the "button-holes" are formed, as pointed out by appellants, the several thicknesses cannot therefore shift and slide against one another, and the openings in the several thicknesses must remain in coincidence and continue to provide slots extending through the laminations.

There is no disclosure in the prior art which suggests any such arrangement or suggests a laminated ring having slots extending radially through the laminations, and we think invention is shown in the novel and useful structure defined by the appealed claims.

Moreover, the method of attaching the ring in the Levett patent is to place the several members of the ring about a central core, apply two disks to the ends of the core, and then connect the disks by rivets, bolts, stitches, or other suitable means. The convenience and simplicity of attaching and detaching the ring to the hub as disclosed by appellant's claims 14 and 17 constitute an advance in the art which warrants the protection sought by these claims.

For the reasons stated, the decision of the Board of Appeals is reversed.

Reversed.